0710029 United States v. Figueroa Comacacheo is submitted on the briefs as is 0710169 United States v. Valdez-Martinez. That case is submitted on the briefs. 0610446 and 0610462 United States v. Poseley and Tripas. Each side will have 20 minutes. Mr. Bagot, I see that you're here. Are you splitting your time with Mr. Erickson? Yes, sir. My intention is to talk for nine minutes, reserve one minute for rebuttal, and then yield to Mr. Poseley's attorney. Okay. Would you, I'll try to help you. Would you keep an eye on the clock yourself? Sure. Okay. Thanks. Mr. Bagot. Your Honor, Atmore Bagot for appellant. David Poseley, or David Tripas, excuse me. Poseley is the co-appellant. Your Honor, several weeks ago, the government submitted to the Congress a $3.4 trillion budget. The .4 is going to be a debt that they have no idea of how they're going to pay, but put it on the debt. The other $3 trillion is intended to be raised via the Revenue Code, which is Title 26. As the name implies, the purpose or congressional intent in the Revenue Code is to raise revenue. As a result, there are very few criminal penalties associated with tax violations of Title 26. The majority, an overwhelming majority of penalties if someone violates Counsel, are we going to look into the entire legality of the revenue laws, or are we going to talk about the fact that your client was convicted of a client conspiracy to obstruct the function of your revenue? My point, Your Honor, is that the tax code per se does not case. Let's talk about the fact that you're challenging the evidence of your client's behavior, which the jury found consisted of engaging in the creation of both domestic and offshore trusts, which were designed to impede the Internal Revenue Service in trying to determine the trust owner's tax liabilities. Now, that kind of a conspiracy has always been recognized as a crime to obstruct the functioning of a governmental agency, without regard to whether or not you have a point concerning revenue. Can you address some of those issues that you raise in your brief? Certainly, sir. Your Honor, the effect on the government was secondary. The allegation charged against these defendants was that they deceived or falsified their representations to private individuals, not to the government. But the indictment charges that the scope of the conspiracy, or the object, was to shield from agents of the Internal Revenue Service the existence of these assets. And the question is whether or not your clients were actively engaged in activities that assisted these private individuals in hiding their assets. Isn't that essentially what the indictment charge? No. They did not talk about hiding assets. The consistent representations were that if you owe a tax, you pay the tax. But via our notion of private sovereignty, you don't owe the tax. Therefore, you don't have to file anything. Before we can determine whether you owe a tax, we have to determine whether or not you have any income. And if you are hiding the sources of your income, doesn't that by definition obstruct the efforts of the agency that is assigned to you? It has a repercussive effect, yes, sir. But there is no scope in a properly charged client conspiracy under 1853. I'll give you two answers to that. Number one, the statute requires a direct intent to defraud the government. The defrauding here was the defrauding of private individuals. There's nothing wrong with placing your assets and income in trust to avoid a tax. If the effect is to hide from the government an asset that produces revenue that would otherwise be declared and for which taxes must be paid, and the government can't find the existence of that particular asset and never knows how much revenue was attributed to it, isn't the government defrauded in its efforts to try and determine what the taxpayer's liability might have been? But the fraud was perpetrated against private individuals. The answer to your question is indirectly yes. Any fraud that's committed in a state, in violation of state laws has got to have a repercussive effect on federal tax revenues. There isn't much you can do that doesn't affect the IRS. What's the basis for which we should be granting relief for your client? First of all, the falsity, the problem with this scheme was the trusts were phony. That's a deception of private individuals. There's no false representations made to IRS. They didn't support them. You keep trying to characterize it as if the only people who were deceived here were the evidence shows that it was the agency that was deceived because it couldn't find these assets. That was non-reporting, yes. Yes. That's a misdemeanor. Well, that's a felony. That's obstructing the activities of the agency to determine and collect the tax. That doesn't have anything to do with misdemeanor, failure to file tax returns. That has everything to do with obstructing the activities of the agency. Well, number one … There is no misdemeanor obstruction statute. It's a felony. Well, Your Honor, the second … the conspiracy statute has two sentences. That's all it has. The second sentence covers the offense. There's only one offense. Bear that in mind. And the government can either cite a conspiracy to commit a specific offense or to defraud the United States. Let me ask the question a different way. Can you point to me any language in the indictment that supports your theory that this was a misdemeanor conspiracy as opposed to allegations that go to the clause that talks about obstructing the activities of the agency? The intent of the … taking your point of view, the object of the conspiracy was to aid people to not file tax returns. Show me where that … show me where the grand jury alleges that in the conspiracy count, in count one of the indictment. Okay. Over and over again, and I'm going to give you the exact words, the exact phrase repeated over and over again, by falsely representing the taxpayers … taxpayers, not the government but taxpayers. Counsel, page and line number. My excerpt 11, page 11 of the indictment, down at line 26, going over the next page, by falsely representing that taxpayers could lawfully avoid paying income taxes by use of our trust. And that will cost you a slight fee for $10,000 to buy one of our trusts. Then you don't have to declare anything. So this is over at Act No. 7 that talks about a presentation that was conducted in June of 1999, in which your clients are alleged to have essentially been selling their … their trust program to taxpayers. To taxpayers. That's who the buyers are. Not IRS agents. No government persons are involved. It's person to person. But doesn't that allegation go to the object of the conspiracy, which is to encourage the government to hide their assets under these offshore trusts so that the government can't find them? So they don't have to file a tax return at all. They don't have to provide any information. That's the purpose of it. But that's a misdemeanor. But the way it … the way that it is worded, it talks about hiding the asset, which goes to preventing the government agency from finding it. That doesn't have anything to do with filing tax returns. But if you … what … Okay. Can you point to any other … That phrase is used over and over again. It is … the idea is they are defrauding private individuals. They are not directly defrauding the Internal Revenue Service. Suppose we don't buy that argument. Okay. What's your next best argument? Next best argument is that sentence No. 2 provides that even if you're defrauding the United States, that the commission … if the object is a misdemeanor, the fraud is then a misdemeanor. That's how I read the statute. There's a single offense … Now, Judge Merguia ruled that they charged the felony and not the misdemeanor. Why was she wrong about … She was wrong because the Caldwell case, which she based her ruling on, is a limitation of the conspiracy statute. It says there has to be a deceit or deception. My argument is that the deceit or deception has to be directed to the United States, not to private individuals. Frauds can also be misdemeanors. The second paragraph or second sentence of 371 addresses all of the first sentences. It talks about the offense. And if the fraud was nothing more than a misdemeanor, then in those circumstances, the penalty can be no more than a misdemeanor. In other words, you can't … The object of the fraud is basically defrauding the government, which is what it is here, right? No. The object … Why would anyone buy one of these things … Because they wouldn't have to … They wouldn't have to avoid paying taxes, which is the object of the fraud. They don't … But not paying taxes can be legal, too. Bear that in mind. And if you have a legitimate trust, you can do that. Right. This wasn't a legitimate trust, and I'm not going to tell you it was. Right. But I was … But you see, it's like going around the merry-go-round again, around and around and around, because the only … the only reason to sell these things is basically to put them out of the hands of the government in terms of the ability to collect taxes, right? Just so the people will not file a tax return, supply information, or pay a tax, and those three are misdemeanors. I'd like to reserve a few … Sure. About a minute or so at the end. Mr. Erickson? Good morning. May it please the Court? I'd also like to attempt to use about nine minutes and save a minute, just in case. Could you speak up a smidge for us, please? Sure. I represent Dennis Posley. Aside from what Mr. Bagot has argued, and without waiving any of the issues raised in the brief, I would like to discuss, to the extent time permits, three issues that I think are of particular concern. The first issue is whether the sentence imposed in this case on Mr. Posley comports with due process. As Court knows, Congress has limited, regardless of the degree of harm or loss, Congress has limited the sentence for a conspiracy to defraud conviction to five years, or 60 months. There are actually two separate questions that I think this Court needs to review in determining whether that statutorily limited sentence was violated by the district court in this particular case. He got 48 months. Well, he did. The maximum is 60, and he got 48. Well, I will explain to you how I think the Court improperly used the sentencing guidelines to in fact, in effect, impose a sentence on count one, although the district court did say that she was spreading the sentence out over a number of convictions. Well, he was convicted on more than just the conspiracy count, right? He was convicted on the conspiracy count one, and he was also convicted on the next five counts, two through. So, isn't your argument really that the district court abused its discretion in the manner in which it added the sentences together to reach 48 months? In part, Judge. Why is it improper for a judge to impose consecutive sentences without regard to grouping under the guidelines? Couldn't this judge, if she had wanted to, have simply run them all consecutive, in which case the sentence would have been far in excess of 48 months? I don't think so, Judge. And I'm not going to stand here and attempt to persuade you that Iniguez was decided wrongly. I don't think it was. But what I do think is that the logic that was employed by this court in Iniguez doesn't apply in this particular case. Well, let's just talk first about where I'm having a hard time following you. Why is a sentencing judge prohibited from imposing consecutive sentences where there are multiple counts of conviction? In this particular case, Judge, because I think that the weighting where you get to the guideline offense level, which is extraordinarily high in this case, doesn't apply to the remaining convictions. Well, let's forget about the guidelines for a minute, which we know now are advisory. Will you agree with me as a general proposition that judges do have the authority, subject to abuse of discretion, to impose consecutive sentences for multiple counts of conviction? The statute and the guidelines clearly contemplate that that is a possibility for proper reasons. In this case, to get back to Judge Silverman's point, in this case the judge reached 48 months through, in essence, consecutive sentencing for multiple counts. And the result is still less than 60 months on the count one conviction. How is due process offended? That's where you're losing me. Okay. There are two ways to approach a judge. And the first is I think you need to consider the jury instructions. And whether there is ambiguity in the verdict that is a result of the jury instructions. I can go through the specific... But we're talking about sentencing issues. How do we get to jury instructions? We are. Because where there's... What do we get the jury for at sentencing? Where there is ambiguity in the verdict. And as we've discussed in the briefing, as I am prepared to do with you this morning, the way the judge instructed the jury on count one, the conspiracy count, allows the jury to convict for the misdemeanor portion of 371 and not the felony portion. Didn't the judge use the standard Ninth Circuit conspiracy instructions that we put in our model instructions? In part she did, Judge. And I... Misdemeanor convictions, he got 12 months per count. I believe it was 12 months on four of them and 11 on one judge. Okay. But those are misdemeanor sentences. Yes. Okay. So he got misdemeanor sentences for the misdemeanor counts. Yes. He got 48 months on the felony count when he could have gotten 60. That takes us back to Judge Tallman's question, what's the problem in making these consecutive? The problem is the way the jury instructions were presented to this jury allowed the jury to consider the object of this conspiracy to be willful failure to file tax returns. And that's because the judge did not specifically instruct the jury, well, number one, she didn't call into play the specific allegations in the indictment. And I believe as the record shows, the judge determined that the jury should not have the indictment in this particular case. What you're saying is he shouldn't have been found guilty of a felony. That's correct. That's what it amounts to. That's number one. Okay. Aren't you ignoring the instruction at ER 200 in which she gave the standard instruction that a separate crime is charged against one or more of the defendants in each count? You must consider and decide the case of each defendant on each crime. And your verdict on any count as to any defendant should not control your verdict on any count as to any other defendant. With all due respect, sir, no, I don't believe I am. What I am relying on are the jury instructions at ER 205, which provides that the defendants have been charged with conspiracy to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS. Okay, but you're ignoring the language on the instruction I was reading on page 200 that says all of the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific count. Now you've referred me to ER 205, which is a specific instruction that directs the jury with regard to count one, the conspiracy count. Isn't that an appropriate set of instructions when you're trying to explain to the jury that you've got to give separate consideration to each count and each defendant? I think that portion of the instruction is appropriate. Yes, I do. Okay. And then you continue on to ER 207, where the judge says that she'll briefly discuss the law relating to each of the elements. And first of all, she says the crime of conspiracy is the agreement to do something unlawful. And then I go to, and I'm sorry to spread this out, but I think this is the way, this is where the ambiguity arises in the jury's verdict. And then we go to page ER 210, where it says that the conspiracy charged in count one of the indictment is any conspiracy whose object is to interfere with or obstruct one of the IRS's lawful government functions by deceit, craft, or trickery or dishonest means. Now, what she does not do anywhere in these jury instructions is require that the conspiracy that's actually alleged in the second superseding indictment be the object of the conspiracy. What happens when we get to the jury instructions is they become generalized. And I believe that if you read them in their entirety, you will find that the jury instructions as given allowed the jury to find that the object of this conspiracy was willful failure to file tax returns and income. But why don't we look at this in the context of a jury sitting in the jury room with a one hand and the court's instructions in the other? It seems pretty easy to me that the conspiracy that the court is talking about is a conspiracy that's charged in the indictment. And all the jury has to do is look at the section of the indictment that addresses the object or scope of the conspiracy and then apply this instruction to it. Where's the ambiguity? I think had the jury in this case been given the second superseding indictment to take back with it, I think that problem would have been minimized to a large degree. My understanding from reading the record is that the judge determined that the jury should not have that indictment to rely upon and was relying solely on the instructions as given. What is that instruction objected to? My recollection, Judge, is that during the charging conference, several objections were made. I can't provide you with a record cite to that. Wouldn't that matter? We're in this odd thing where you're challenging the sentence through the conviction in effect. We understand the argument about the misdemeanor, but we're even one more step removed when we get to the sentencing if you're relying on a jury instruction that we don't even know if there was an objection to that jury instruction. Well, Judge, I think at this point, this court has to look at the jury instructions as a whole and determine if in that light there's an ambiguity in the jury instructions. And I think what the law of this circuit says is that if there is any ambiguity as to that verdict, then the lesser sentence has to be imposed. My argument is simple. I'm not sure you're following Judge McKeon's concern. Our standard of review is very different if there was no appropriate objection made to the instruction. Then it becomes plain error review. And a mere ambiguity is not going to cut it under the plain error standard. You're going to have to show something more than that. Secondly, even if there was a timely objection made, it's an abuse of discretion standard in terms of how the judge chooses to charge the jury as long as it's a correct statement of the law. I would have to go back and look at the record. And I apologize, I don't know where the charging conference occurs exactly. Obviously, it's toward the end of trial. I know it occurred over the course of several days. I just don't have a citation for you. You're about out of time. Why don't you finish your answer to Judge Tolman and then use up your time. Well, I think I'm finished because I'm satisfied relying on the argument that we set forth in the brief along with the specific citations that I provided to you with the excerpts of record. The other argument that I would make is that, you know, Inoges is distinguishable simply because in Inoges, you had a conspiracy and then three counts of actual possession that related directly to the conspiracy. So using the guideline calculations to carry over and impose a consecutive sentence I think was logical. In this case, and the one thing I need to make sure that I mention to you is that it's very important that you read Judge Murdia's dialogue during sentencing. And that starts at ER 335, I believe. And the text that is of critical importance is on ER 339 because it becomes clear when you read the dialogue especially in that section that what she's doing is she's really considering this sentence that she's imposing to be punishment on the conspiracy count regardless of how it was actually structured. And for that reason, I think she invades the province of Congress  For the government, please. Mark Detterman for the government. May it please the court. Mr. Baggett's argument appears to me to be merely a charging argument and the government and the grand jury decide on what charges to apply. And in this case, the jury was instructed that it must find that the defendants intended to defraud the government and the jury did so find. So I don't think there's really much more to say on that issue. He argues regarding failure to a simple failure to file tax returns but the Supreme Court has held, for example, in the Spies case that a simple failure to file tax returns plus one affirmative act of evasion is a felony. So this is a similar case where the government the indictment does not allege that the failure to file tax returns is an object of the conspiracy it alleges numerous acts that amount to defrauding the government. So what's your response to overt act number 7 that Mr. Baggett referred me to? Again, it's holding a seminar counseling people to not report income and that's broader than just not filing. Not reporting income could be filing false returns. So tax evasion versus tax avoidance? Is that what you're saying? No, I'm really saying filing a false return versus failure to file. Isn't that a classic example of tax evasion? Yes, that's an example of evasion, which is a felony. So that sentence could refer to failing to report income on a tax return which would be a felony and not just the misdemeanor. And that's just one sentence, one object out of more than 50 objects that clearly show that defendants were doing more than just counseling people not to file tax returns. They were counseling them to hide their income, to file false tax returns, to open nominee bank accounts, to put their money offshore. So there were just numerous things in this conspiracy. As to the conspiracy instruction, it did not allow the jury to convict merely on finding that some clients failed to file tax returns. The instruction said that you must all agree there was a plan to commit the crime alleged in the indictment as an object of the conspiracy. Alleged in the indictment as an object of the conspiracy is plainly restrictive to the object of the conspiracy. And the Court instructed that the object of the conspiracy was defrauding the government by impeding and impairing the IRS through deceitful and dishonest means. And deceitful and dishonest is required by this Court's call to all cases. You recall if there was an objection to that instruction? No, there was not. In addition to that, in the introductory instructions, and the instructions, as defense counsel pointed out, must be taken as a whole, the Court explained that the object was to defraud the government by promoting and selling offshore and onshore trust packages for financial gain, with the false assertion that one could avoid taxes by placing income and assets in the trust. So that's a very broad statement, but plus it includes that one of the objects was promoting and selling these offshore trusts. Moreover, the jury was instructed on all the overt acts. And the overt acts included, as we just mentioned, holding these seminars telling people they didn't have to report the income, preparing false partnership returns for these bogus trust entities, opening offshore bank accounts using false taxpayer identification numbers, and using bank accounts in the name of nominees. And one of the overt acts was not failing to file a tax return or refusing to file a tax return. That was not one of the overt acts. And after instructing on the overt acts, the Court specifically instructed on the law regarding abusive trusts, emphasizing the fact that the conspiracy involved abusive trusts. And the Court did not infer anywhere that the separately charged misdemeanor crimes were part of the conspiracy. In fact, the Court specifically said that each defendant is separately charged with the substantive misdemeanor counts. And finally, the jury was able to compartmentalize, which is a showing that there wasn't prejudice if you can find any error. And that's that the jury acquitted several defendants on the conspiracy count but still convicted them on the misdemeanor failure to file count. And I think that shows that the jury was able to compartmentalize and understood the Court's instructions. And it seems to me that as the Court appears to put to the defendant, he is seeking a change in the law regarding sentencing and restrictions on a judge's ability to consecutive sentence. I think in our brief shows that everything the judge did here was proper. She really gave all the benefit of the doubt to the defendant. The government came up with a tax calculation that was near $19 million by adding all the clients and the amounts that the IRS believed they did not report. The judge instead took the government's calculation that only included clients that had been actually audited through the audit process and the amount of those audits instead of the estimates of the IRS as to the amount of fraud. And I'll point out that there are cases that say that that estimate, the original $19 million that courts have upheld, district courts' decision to use that type of estimate that hasn't gone through the actual audit process. But instead, the judge used the audit process clients, and that was $3 million. That cut it down from $19 or so to $3 million. And he also reduced the sentence in the end. He reduced it by one level below that amount. She. She. I'm sorry. I'm sorry. Mary McGee? Yes. I'm sorry. I take it you were not trial counsel. I was not trial counsel. But you practice in that district. No, I don't practice. I'm in Washington, D.C. Okay. But in the back of my mind, I knew it was a she. I'm sorry. I apologize. But at any rate, she also lowered it one level from the $3 million. So she lowered it to a level that was essentially below $1.5 million from a $19 million loss that the government had potentially shown. Defendant Posley himself failed to report $2.3 million in income from his activity in IFC, and that's illegal activity. And so I think the judge gave, as far as sentencing, an amount of tax loss gave the defendants every benefit of the doubt. And I will end unless you have any more questions for me. I don't think so. Thank you, sir. Mr. Erickson used up all his time, but Mr. Baggett has another minute left. Your Honor, in rebuttal, I just wish to add that when these motions were argued at the trial level, the government represented, the defendant's conduct did not rise to or establish a separate or distinct Title 26 tax offense. That is why the 371 defraud clause exists. The government did not allege at any point that the individuals were evading taxes or intending to, or that was the object of the conspiracy. The instruction given was that, you must all agree, there was a plan to commit the crime alleged in the indictment as an object of the conspiracy. Well, there are 27 counts, 26 of which are misdemeanors. My argument is basically that Apprendi required a specific intent to evade taxes, which the government specifically said is not part of their allegation. In their closing argument, the government's close, why should they be found guilty? There's one primary feature. Stop filing income taxes. Stop paying taxes. None of them have filed income taxes since at least 95. Not filing taxes. Not filing returns. That's the allegations of 26 counts of this 27 indictment, a 27-count indictment. Bear in mind the sentencing allegations were stricken just before trial, so there's only 33 pages. That's what willfully defied the law in not filing tax returns. The jury may well have decided that that was the crime in the indictment. They were not required or instructed to file a specific intent beyond that of evading taxes. The government said they were not charging evading taxes. And if I'm misreading the conspiracy statute, it seems to me there's only two sentences. It's very simple. And sentence two applies to all of sentence one. And if the jury did not find a specific intent to evade the tax, the maximum the trial judge could have imposed is a misdemeanor limit, which, as I recall, is one year in this offense. If they wanted to raise it to five years, Apprendi requires a specific jury finding. Seven seconds, over. Thank you. Good morning.
judges: Silverman, McKeown, Tallman